THE NATIONAL BANK OF ROCHESTER, Respondent, *v.* M. S. STROME COMPANY et al., Defendants, and PALMER-MARCY CO., INC., et al., Appellants.

*Mortgage — foreclosure — corporations — action to foreclose mortgage on real property owned by corporation — defense of failure to obtain stockholder's consent to mortgage.*

*National Bank of Rochester* v. *Strome Co.*, 219 App. Div. 761, affirmed.

(Argued April 6, 1927; decided May 3, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 11, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term in an action to foreclose a mortgage upon real property. All of the defendants who appeal are holders of mechanics' liens on the property in question, except the defendant Anderson, as trustee in bankruptcy of M. S. Strome Company. That company was, when the action was commenced, the owner of the mortgaged premises. The plaintiff-respondent is the assignee of the mortgage. Pending the trial, the mortgaged premises were sold by consent of the parties, free of the liens claimed by the plaintiff and the various defendants, and these liens and claims were transferred to the proceeds of sale, which are held by the trustee in bankruptcy subject to the final judgment in this action. The answers of the trustee in bankruptcy and the defendant lienors alleged that the transaction which the trial court found resulted in a mortgage by the defendant M. S. Strome Company to the plaintiff herein was invalid for the reason that there was a failure to secure the stockholders' consent and to file and record a certificate of such consent in the Monroe county clerk's office, where the mortgage was recorded, pursuant to the requirements of section 16 of the Stock Corporation Law.

*William H. Tompkins* for appellants.

*Clarence P. Moser* and *Raymond Bentley* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

JAMES L. BRUFF et al., as Administrators of the Estate of CHARLES A. BRUFF, Deceased, Appellants, *v.* ROCHESTER TRUST AND SAFE DEPOSIT COMPANY, Respondent.

*Trust — income — husband and wife — trust for benefit of husband and wife and survivor — claim that income paid to wife vested in husband as survivor upon her death — agreement that money should remain property of wife.*

*Bruff* v. *Rochester Trust & Safe Deposit Co.*, 218 App. Div. 67, affirmed.

(Argued April 7, 1927; decided May 3, 1927.)

APPEAL from a judgment, entered December 7, 1926, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiffs entered upon a decision of the court at a Trial Term without a jury and directing a dismissal of the complaint. This action was brought by the plaintiffs, as administrators of the estate of Charles A. Bruff, deceased, to recover of the defendant a sum of money deposited in the Fidelity Trust Company of Rochester in her own name by Ardelia Bruff, who was the wife of said Charles A. Bruff and predeceased him. The fund in dispute consisted of moneys paid to Ardelia Bruff by said Fidelity Trust Company as income under a certain trust agreement made for the benefit of said Ardelia Bruff and her husband, Charles A. Bruff, during their lives and the survivor of them, by Sarah L. Willis. The husband's administrators claim that the accumulated income belonged to husband and wife jointly and vested in him as survivor upon her death. The Appellate